UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-61511-CIV-ROSENBERG/BRANNON

HADI "MAX" FALAHATI, SHARON FALAHATI,
MILLENNIUM AIR XPRESS AND
EXEC CHARTER, INC. D/B/A EXECJET CHARTER, INC.

     Plaintiffs,

v.

TRACEY EGAN, FRANZ JURAN &
SERGIO LOPEZ, individuals,

     Defendants.
_____/

## AGREED MOTION FOR STAY OF DISCOVERY

Defendants Tracey Egan, Franz Juran and Sergio Lopez, with the agreement and concurrence of Plaintiffs Hadi "Max" Falahati, Sharon Falahati, Millenium Air Express and Exec Charter, Inc., d/b/a ExecJet Charter Inc., move the court to stay discovery in this case pending the court's resolution of Defendants' Motion to Dismiss the Amended Complaint. The court should stay this matter for at least two reasons.

First, the court should stay discovery because Defendants' Motion to Dismiss raises facial challenges to the legal sufficiency of the Amended Complaint. Because the Motion raises only facial (and not factual) challenges, no affidavits, depositions, or other discovery is required in order to resolve the issues that the Motion raises. Therefore, to promote efficiency and pursuant to *Chudasama v. Mazda Motor Corp.*, the parties respectfully ask the court to resolve these facial legal challenges to the Amended Complaint before the parties embark in costly discovery and other litigation activity. *See* 123 F.3d 1353, 1367 (11th Cir. 1997) (recognizing that facial challenges to the legal sufficiency of a claim or defense, should be resolved before discovery begins).

Second, the court should stay discovery because Defendants raise the defense of qualified immunity in their Motion to Dismiss. Qualified immunity bars lawsuits against federal employees sued in their individual capacities for constitutional violations based on their alleged work-related conduct. Qualified immunity protects the individual federal employees not only from liability, but also from having to engage in any discovery. Accordingly, the court should stay discovery pending its ruling on the Defendants' qualified immunity defense which is part of the Motion to Dismiss.

## BACKGROUND

In this case, Plaintiffs sue three FAA inspectors (Egan, Juran, and Lopez) in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Plaintiffs allege that the FAA employees violated their equal protection rights and procedural and substantive due process rights by intentionally making improper decisions about the airworthiness of Plaintiffs' aircraft, which ultimately led to revocation of the air carrier's FAA certification and the loss of Plaintiffs' business.

On December 22, 2014, [1]Defendants filed a case-dispositive Motion to Dismiss on two grounds. Defendants argue that the court should dismiss the case for lack of subject matter jurisdiction because the Federal Aviation Act gives federal appellate courts exclusive jurisdiction to review the types of FAA decisions at issue here.  Defendants also argue in their Motion that the court should dismiss the case because Defendants are entitled to qualified immunity against

---

[1] Defendants point out that Plaintiffs served the United States Attorney's Office with the case on October 21, 2014.  As federal employees sued in their individual capacities, the Defendants' response to the complaint was not due until December 22, 2014.  Fed. R. Civ. P. 12(a)(3).

The court issued a scheduling order on October 2, 2014, prior to the Defendants having been sufficiently served in the case and prior to the Defendants filing a response to the complaint.  The order set the discovery deadline at February 2, 2015.

2

this lawsuit and Plaintiffs fail to state a claim that the Defendants violated any clearly established constitutional right sufficient to overcome that immunity.

Plaintiffs will respond to Defendants' Motion to Dismiss. They agree that no discovery is needed in order to resolve the legal issues that the Motion raises.

### MEMORANDUM OF LAW

The court should stay discovery in this case pending its decision on the Motion to Dismiss first because the Motion raises facial legal challenges to the Amended Complaint. It is well-established that a court does not need discovery in order to rule on a motion to dismiss that facially attacks a complaint, because the court's review is limited to a legal analysis based on the allegations of the complaint. In *Chudasama v. Mazda Motor Corp.,* 123 F. 3d 1353, 1367 (11th Cir. 1997), the Eleventh Circuit observed that:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.

*Id.* at 1367 (footnote and citation omitted). Continuing, the Eleventh Circuit concluded that "[t]herefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.* (citation omitted). *See also Cotton v. Mass. Mutual Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005). Courts in this district have granted discovery in the same situations. *See, e.g., Rivero v. Taylor*, No. 09-20852-CIV, 2010 WL 3384913, *6 (S.D. Fla. Aug. 3, 2010) (granting a motion to stay discovery pending resolution of motion to dismiss, explaining that stay was particularly appropriate where granting of motion would dispose of entire case); *Staup v. Wachovia Bank*, No. 08-60359-CIV, 2008 WL 1771818, *1 (S.D. Fla. April 16, 2008) (Judge James Cohn) (staying discovery pending ruling on defendants' motion to dismiss for failure to

3

state a claim because motion to dismiss raised a facial legal challenge and court did not require discovery in order to rule on motion).

Here, Defendants raise two facial attacks in their case-dispositive Motion to Dismiss: one attack argues that the court lacks subject matter jurisdiction; and the second argues that Defendants have qualified immunity and that Plaintiffs fail to state a claim of a clearly established constitutional violation to overcome that immunity.[2] Whether the issues that Plaintiffs raise in this case are subject to the exclusive jurisdiction of a federal appeals court is a legal issue that the court can, and should, resolve without discovery. Similarly, whether Plaintiffs state a plausible violation of a clearly established constitutional right in the Amended Complaint sufficient to overcome Defendants' qualified immunity is a legal issue that the court can, and should, resolve without discovery.

In addition, a stay of discovery is particularly warranted here because the Defendants have raised the defense of qualified immunity in their Motion to Dismiss. If qualified immunity applies, it shields the FAA inspectors from all burdens of litigation, including discovery. Litigation against employees of the government in their individual capacity diverts energy and

---

[2] That Defendants attach FAA letters and decisions to the Motion to Dismiss does not convert the facial challenges here into factual ones since the Amended Complaint incorporates the letters and decisions by reference and since they are central to the Amended Complaint. Nor does attaching the administrative appeal decisions or Plaintiffs' Notice of Appeal to the Ninth Circuit since the court may take judicial notice of these matters. *Tellabs v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) (explaining that when ruling on a 12(6)(b) motion to dismiss the court examines documents incorporated into the complaint by reference and matters on which the court may take judicial notice); *See Day v. Taylor,* 400 F.3d 1272, 1275-76 (11th Cir. 2005) (consideration of contract attached to motion to dismiss that was central to claims did not convert motion into one for summary judgment); *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir. 2004) (holding that court may consider document attached to motion to dismiss without converting it into a motion for summary judgment where document is central to plaintiff's claim and authenticity of document cannot be disputed); *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir.2004) (in analyzing motion to dismiss, court may rely on documents central to or referenced in complaint and matters judicially noticed).  In short, there are no factual disputes at issue on the Motion to Dismiss and the court should address it before the parties proceed with discovery.

resources from pressing public problems, the threat of personal liability discourages capable people from assuming public positions, and the fear of suit may deter officials from exercising judgment with the decisiveness critical to their offices. *See Harlow v. Fitzgerald,* 457 U.S. 800, 814 (1982). In *Iqbal,* the Supreme Court specifically stated as follows:

> The basic thrust of qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery. *Seigert v. Gilley,* 500 U.S. 226, 2367 (1991). There are serious and legitimate reasons for this. If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

*Ashcroft*, 556 U.S. at 685. Even before *Iqbal,* in *Mitchell v. Forsyth*, 472 U.S. 511 (1985), the Supreme Court observed that, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.* at 526; *see also Harlow,* 457 U.S. at 818 (recognizing an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law; "[t]he entitlement is an immunity from suit rather than a mere defense to liability, and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial"); *Carter v. DeKalb Co., Ga.,* 521 Fed. Appx. 725, 728 (11th Cir. 2013) (ruling that plaintiff was not entitled to opportunity to conduct discovery prior to determination of qualified immunity defense); *Blinco v. Green Tree Servicing, LLC,* 336 F.3d 1249, 1254 (11th Cir. 2004) (noting that, "[t]he defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery"); *Caraballo-Sandoval v. Honsted,* 35 F.3d 521, 524 (11th Cir. 1994)

(noting that "qualified immunity seeks to protect government officials form the cost of trial and burdens of far reaching discovery" and finding that the district court properly stayed discovery until it decided the qualified immunity issue).

If the court does not stay the case and later grants the Motion to Dismiss, the parties will have already spent significant attorney time, witness time, and litigation costs engaging in discovery. Furthermore, the government work of these FAA inspectors who are the Defendants in this case will be disrupted as they prepare for deposition and/or to respond to written discovery requests, which is contrary to the principles of qualified immunity. Given the dispositive defenses raised by the Defendants in the Motion to Dismiss, including qualified immunity, the parties agree that it is in their best interest and in the interest of judicial economy for the court to rule on the Motion to Dismiss before the parties move forward with discovery and other litigation matters.

## LOCAL RULE 7.1 (a)(3) CERTIFICATE

Pursuant to Local Rule 7.1(a)(3), I conferred by telephone with Plaintiffs' counsel Robert Palmer about this Motion to Stay. On behalf of Plaintiffs, Mr. Palmer agrees that the case should be stayed pending resolution of Defendants' Motion to Dismiss.

## CONCLUSION

Because the Motion to Dismiss raises only legal challenges to the Amended Complaint that do not require discovery for resolution and because Defendants raise a qualified immunity defense in their Motion, the court should stay discovery in this matter pending resolution of the Motion to Dismiss.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

6

> By: */s/Marlene Rodriguez*
> Marlene Rodriguez (120057)
> Assistant United States Attorney
> marlene.rodriguez@usdoj.gov
> 99 N.E. 4th Street, Suite 300
> Miami, Florida 33132-2111
> (305) 961-9206

## CERTIFICATE OF SERVICE

I CERTIFY that on December 31, 2014, I electronically filed this Motion for Stay with the Clerk of the Court using CM/ECF.

> */s/Marlene Rodriguez*
> Marlene Rodriguez, AUSA